KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1   Sheron Korpus (New York State Bar # 2810372)
    Christine A. Montenegro (New York State Bar # 3969276)
2   David Rosner (New York State Bar # 2333755)
    Matthew B. Stein (New York State Bar # 4179479)
3   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
    1633 Broadway
4   New York, New York 10019
    Telephone:  (212) 506-1700
5   Facsimile:  (212) 506-1800
    Email:  skorpus@kasowitz.com
6           cmontenegro@kasowitz.com
            drosner@kasowitz.com
7           mstein@kasowitz.com

8   Brendan Dolan (SBN 126732)
    Emily E. de Ayora (SBN 250349)
9   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
    Email: bdolan@kasowitz.com
10  101 California Street, Suite 2300
    San Francisco, CA 94111
11  Telephone:  (415) 421-6140
    Facsimile:  (415) 398-5030

12  Attorneys for Plaintiffs

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15  DEUTSCHE BANK TRUST COMPANY              Case No: CV 11-2661-EMC
    AMERICAS, in its capacity as successor
16  indenture trustee for certain series of Senior   **PLAINTIFFS' NOTICE OF MOTION AND**
    Notes, LAW DEBENTURE TRUST              **MOTION TO STAY DEFENDANTS' TIME**
17  COMPANY OF NEW YORK, in its capacity    **TO RESPOND TO THE COMPLAINT IN**
    as successor indenture trustee for certain      **THIS ACTION OR COMMENCE MOTIONS**
18  series of Senior Notes, and WILMINGTON   **PRACTICE, UNTIL THE EARLIEST OF (1)**
    TRUST COMPANY, in its capacity as         **OCTOBER 31, 2011, (2) CONFIRMATION**
19  successor indenture trustee for the PHONES **OF A PLAN OF REORGANIZATION BY**
    Notes,                                    **THE UNITED STATES BANKRUPTCY**
20                                            **COURT FOR THE DISTRICT OF**
                                              **DELAWARE, OR (3) FURTHER ORDER**
21               Plaintiff,                   **OF THE BANKRUPTCY COURT OR THIS**
                                              **COURT**
22          v.

23                                            Complaint Filed: June 2, 2011
    WELLS FARGO BANK, N.A. and
24  WACHOVIA BANK f/k/a WACHOVIA              Hearing Date: August 12, 2011
    N.A.,                                     Hearing Time: 1:30 p.m.
25                                            Courtroom: 5
                 Defendants.
26

27

28                  NOTICE OF MOTION AND MOTION TO STAY
                  DEFENDANTS' TIME TO RESPOND TO COMPLAINT;
                         Case No. CV 11-2661-EMC

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on August 12, 2011 at 1:30 p.m. in Courtroom 5 in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, or as soon thereafter as the matter may be heard, Plaintiffs Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Plaintiffs"), move for an order staying the time for Defendants to respond to the Complaint or commence motion practice in this action (the "Stay") until the earlier of (i) October 31, 2011, without prejudice to any further motion by Plaintiffs to alter or otherwise extend the Stay, (ii) further order by the Bankruptcy Court in the Tribune Company's ("Tribune") chapter 11 proceedings (the "Bankruptcy Proceeding") (Case No. 08-13141 (KJC)) confirming a plan of reorganization, or (iii) further Order of the Bankruptcy Court or this Court.  This motion is based on the Court's inherent power to control the disposition of the cases on its docket and made on the following grounds:

*First*, the Court should enter the stay requested in order to comply with an existing Order of the Bankruptcy Court presiding over the Tribune Bankruptcy.  The Bankruptcy Court issued an order permitting Plaintiffs to commence the state law constructive fraudulent conveyance claims, serve and amend the complaints in the actions, and pursue discovery for the purpose of identifying additional defendants (and thus preserving claims from time-based defenses).  However, the Bankruptcy Court also ordered that these claims be stayed pending the Bankruptcy Court's confirmation of a plan of reorganization.

*Second*, Plaintiffs intend to file a motion with the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to transfer and consolidate this action along with the other state law constructive fraudulent conveyance actions, pending in 40 other federal actions in more than 20 different judicial districts.  Staying this action pending the motion to transfer and consolidate will

KASOWITZ,  BENSON,  TORRES  &  FRIEDMAN  LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1   conserve judicial resources, eliminate duplicative discovery, and avoid inconsistent results.  The

2   balance of harms favors granting the stay – indeed, both the Plaintiffs and Defendants will benefit

3   from avoiding the duplicative, wasteful, and potentially conflicting pretrial proceedings.

4        *Finally*, in accordance with the Bankruptcy Court Order and in order to ensure the just and

5   efficient management of this litigation, Plaintiffs request that the Court structure the Stay to (a)

6   provide Plaintiffs with leave to file a Rule 26(d)(1) motion for limited discovery, if necessary; and

7   (b) require Defendants or their counsel to make themselves known to the Court such that they can

8   be served with further notices, orders, or pleadings in this action.

9        Should the Court decline to stay the litigation, Plaintiffs request that the Court order the

10   parties to postpone the filing of responsive pleadings until such time as the parties and the Court

11   have conducted a case management conference and the Court has issued a Case Management

12   Order.  Such active case management will streamline briefing and encourage the efficient handling

13   of this action.

14        This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

15   Authorities and the Declaration of Christine A. Montenegro filed herewith, and on such other

16   argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

17   DATED:  July 5, 2011          KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

18

19

20             By:       /s/ Emily E. de Ayora
                   Emily E. de Ayora

21                      Attorneys for Plaintiffs
22                      Deutsche Bank Trust Company Americas
                   Law Debenture Trust Company of New York
23                      Wilmington Trust Company

24

25

26

27

28

2