Brendan Dolan (SBN 126732)
Emily E. de Ayora (SBN 250349)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030
Email: bdolan@kasowitz.com

Sheron Korpus (New York State Bar # 2810372)
Christine A. Montenegro (New York State Bar # 3969276)
David Rosner (New York State Bar # 2333755)
Matthew B. Stein (New York State Bar # 4179479)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: skorpus@kasowitz.com
       cmontenegro@kasowitz.com
       drosner@kasowitz.com
       mstein@kasowitz.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes, LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for certain series of Senior Notes, and WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for the PHONES Notes,<br><br>               Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A. and WACHOVIA BANK f/k/a WACHOVIA N.A.,<br><br>               Defendants. | Case No: CV 11-2661-EMC<br><br>**DECLARATION OF CHRISTINE A. MONTENEGRO IN SUPPORT OF PLAINTIFFS' MOTION TO STAY DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT IN THIS ACTION OR COMMENCE MOTIONS PRACTICE, UNTIL THE EARLIEST OF (1) OCTOBER 31, 2011, (2) CONFIRMATION OF A PLAN OF REORGANIZATION BY THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, OR (3) FURTHER ORDER OF THIS COURT**<br><br>Complaint Filed: June 2, 2011<br><br>Hearing Date: August 12, 2011<br>Hearing Time: 1:30 p.m.<br>Courtroom: 5 |

I, Christine A. Montenegro, make the following declaration:

1. I am an attorney in good standing with the State Bar of New York and have been admitted *pro hac vice* for this action. I am a partner at the law firm of Kasowitz, Benson, Torres & Friedman LLP, counsel of record for Plaintiffs Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Plaintiffs"), in the above-captioned matter. I have personal knowledge of the facts stated herein and would testify competently thereto if called upon to do so.

2. The Tribune Company's ("Tribune") chapter 11 proceedings (the "Bankruptcy Proceeding") (Case No. 08-13141 (KJC)) are currently pending before Chief Judge Carey in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). I have been involved in the Bankruptcy Proceeding since September 2010 and am familiar with the facts and issues in that proceeding.

3. The statutory period during which the Debtors had exclusive standing to bring state law constructive fraudulent conveyance claims expired on December 8, 2010 (two years after the petition date), at which time Plaintiffs, and other creditor parties, regained their ability to commence such actions on their own behalf.

4. On February 4, 2011, Tribune and the other debtor entities, the Official Committee of Unsecured Creditors of Tribune (the "Committee"), and certain lender parties in interest filed their Second Amended Joint Plan of Reorganization for the Debtors (the "DCL Plan"). No. 08-13141 (KJC), DCL Plan, Feb. 4, 2011, ECF No. 7801. On February 25, 2011, the largest noteholder of the Debtors, and Plaintiffs herein, jointly filed a competing plan of reorganization (the "Noteholder Plan" and together with the DCL Plan, the "Competing Plans"). No. 08-13141 (KJC), Noteholder Plan, Feb. 25, 2011, ECF No. 8169.

1

Declaration of Christine A. Montenegro in Support of Motion To Stay Defendants' Time To Respond To The Complaint In This Action Or Commence Motion Practice; Case No. CV 11-2661-EMC

5.      Both Competing Plans included a mechanism by which state law constructive fraudulent conveyance claims, such as those asserted in this action, could be transferred to and litigated by a Creditors' Trust, and proceeds from such actions would flow to beneficiaries according to terms of the Competing Plans.

6.      The Robert R. McCormick Tribune Foundation and the Cantigny Foundation (together, the "Plan Opponents") objected to both the Competing Plans because they claimed, among other things, that "(a) the proposed Creditors' Trust would not have standing to bring the Constructive Fraud Claims against the selling Shareholders, and (b) section 546(e)'s safe harbor provision preempts all attempts to assert the Constructive Fraud Claims." No. 08-13141 (KJC), McCormick and Cantigny Objection 9, Feb. 15, 2011, ECF No. 7972.

7.      The Plan Opponents submit that neither of the Competing Plans can be confirmed because they provide for the litigation of the Creditor SLCFC Claims, which according to the Plan Opponents violate provisions of the Bankruptcy Code.  Specifically, the Plan Opponents argue that Plaintiffs lack standing to bring the Creditor SLCFC Claims because the Debtors retained the exclusive ability to attack the LBO payments to the shareholders when the Committee Action was brought on the Debtors' behalf.  Moreover, the Plan Opponents object to the Competing Plans based on their belief that Bankruptcy Code section 546(e) bars state law causes of action to recover payments to stockholders in exchange for the transfer of securities.

8.      Beginning on March 7, 2011, the Bankruptcy Court held a two-week evidentiary trial on the Competing Plans of reorganization, and closing argument occurred on June 27, 2011. The Bankruptcy Court has reserved decision.

9.      Prior to that, in order to prevent state law causes of action from potentially becoming time-barred while the litigation over the Competing Plans continued in the Bankruptcy Court, Plaintiffs filed on March 1, 2011, a motion which moved the Bankruptcy Court for an order (i) determining that eligible creditors regained the right to prosecute the Creditor SLCFC Claims because the statute of limitations for the Debtors to commence state law fraudulent conveyance actions expired on December 8, 2010, and the Debtors' estates failed to assert such claims; (ii)

2

determining that the automatic stay does not bar Plaintiffs from commencing the Creditor SLCFC Claims; and (iii) granting leave from a mediation order by the Bankruptcy Court to permit commencement of the Creditor SLCFC Claims (the "Standing Motion"). A true and correct copy of the Standing Motion is annexed hereto as Exhibit A.

10. On March 22, 2011, the Bankruptcy Court heard oral arguments (the "SLCFC Argument") on the Standing Motion. A true and correct excerpt from the transcript of the SLCFC Argument is annexed hereto as Exhibit B.

11. On April 25, 2011, the Bankruptcy Court granted the Standing Motion and issued an order (the "SLCFC Order") providing that sections 362(a) or 546(a) of the Bankruptcy Code do not bar Plaintiffs from commencing state law constructive fraudulent conveyance claims against former Tribune shareholders, and permitting Plaintiffs to commence state law constructive fraudulent conveyance litigations, and to pursue discovery as necessary to prevent any applicable statute of limitations or time-related defenses from barring Plaintiffs' claims – provided that Plaintiffs filed an application for a stay after the litigation commenced. A true and correct copy of the SLCFC Order is annexed hereto as Exhibit C.

12. On April 29, 2011, Plaintiffs subpoenaed the Committee to obtain access to information regarding the identities of the shareholders or other entities that received cash transfers in connection with the LBO, their locations, and the amount of the cash transfers the shareholders received. The Committee had previously collected this information by issuing over 1,600 subpoenas in November 2010 to more than 900 separate entities. No. 08-13141 (KJC), Protective Order, May 19, 2011, ECF No. 8949. A true and correct copy of the Protective Order is annexed hereto as Exhibit D. Plaintiffs received crucial and voluminous data from the Committee regarding the LBO transfers only eight days before Plaintiffs were compelled to file the Creditor SLCFC Claims. The Committee is still receiving new and updated information regarding the identities of these shareholders.

13. On June 2, 2011, Plaintiffs commenced this action and served the Defendants on June 22, 2011. Plaintiffs also filed 49 substantially similar complaints, commencing suits in 21

3

1  other states (together with this action, the "SLCFC Actions").  All of the SLCFC Actions were
2  filed in federal district courts, with the exception of ten cases filed in New York, Delaware and
3  California state courts.  The other lawsuits, like here, include constructive fraudulent conveyance
4  claims against named defendants as well as, in some actions, class claims against a defendants'
5  class.

6        14.    Absent consolidation and transfer, Plaintiffs will be forced to respond piecemeal to
7  duplicative motions filed by more than 1,000 defendants.

8        15.    On June 13, 2011, Plaintiffs moved the Bankruptcy Court for an order confirming
9  that neither the automatic stay nor the SLCFC Order prohibit Plaintiffs from: (i) moving to
10 consolidate and/or coordinate the lawsuits, including by filing a motion requesting that the Judicial
11 Panel on Multidistrict Litigation transfer and consolidate this action along with the other SLCFC
12 Actions (the "MDL Motion"); and (ii) in the event that any one or more courts or parties do not
13 implement and/or abide by the stay mandated by the SLCFC Order, taking all appropriate actions
14 in response to any motions, pleadings, or orders filed in the SLCFC Actions (the "Clarification
15 Motion").  A true and correct copy of the Clarification Motion is annexed hereto as Exhibit E.

16       16.    On June 28, 2011, the Bankruptcy Court granted the Clarification Motion, and
17 confirmed that the MDL Motion is permitted under the SLCFC Order.  A true and correct copy of
18 Bankruptcy Court order granting the Clarification Motion is annexed hereto as Exhibit F.
19 Consequently, Plaintiffs intend to file the MDL Motion to consolidate and transfer the nearly forty
20 cases Plaintiffs commenced in numerous federal jurisdictions for coordinated pretrial treatment
21 pursuant to 28 U.S.C. § 1407.

4

Declaration of Christine A. Montenegro in Support of Motion To Stay
Defendants' Time To Respond To The Complaint In This Action Or Commence Motion Practice;
Case No. CV 11-2661-EMC

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in New York, New York, on this 5th day of July, 2011.

By:     /s/ Christine A. Montenegro
Christine A. Montenegro
(New York State Bar # 3969276)
*Admitted pro hac vice*
KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
cmontenegro@kasowitz.com

Attorneys for Plaintiffs
Deutsche Bank Trust Company Americas
Law Debenture Trust Company of New York
Wilmington Trust Company

5

Declaration of Christine A. Montenegro in Support of Motion To Stay
Defendants' Time To Respond To The Complaint In This Action Or Commence Motion Practice;
Case No. CV 11-2661-EMC