# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered |

**MOTION BY DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES, TO CLARIFY, SUPPLEMENT OR MODIFY THIS COURT'S ORDER ENTERED APRIL 25, 2011 (ECF 8740) IN RESPECT TO STATE LAW CONSTRUCTIVE FRAUDULENT <u>CONVEYANCE SUITS</u>**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WCCT Inc., f/k/a WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

Dated: Wilmington, DE
June 13, 2011

McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue
New York, NY 10167
212-609-6800
*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

McCARTER & ENGLISH, LLP
Katharine L. Mayer (I.D. No. 3758)
Renaissance Centre, 405 N. King Street
Wilmington, DE 19801
302-984-6300

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
David S. Rosner
Sheron Korpus
Christine Montenegro
1633 Broadway
New York, New York 10019
(212) 506-1700
*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

BIFFERATO GENTILOTTI LLC
Garvan F. McDaniel (I.D. No. 4167)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
(302) 429-1900

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
212-209-4800
*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*

SULLIVAN HAZELTINE ALLINSON LLC
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

Deutsche Bank Trust Company Americas, in its capacity as successor Indenture Trustee for certain series of Senior Notes ("Deutsche Bank"), Law Debenture Trust Company of New York, in its capacity as successor Indenture Trustee for certain series of Senior Notes ("Law Debenture") and Wilmington Trust Company in its capacity as successor Indenture Trustee for the PHONES Notes ("Wilmington Trust," and, together with Deutsche Bank and Law Debenture, the "Movants"), hereby move this Court (the "Motion"),[2] by and through their undersigned counsel, for entry of an order clarifying, supplementing and/or modifying in two respects this Court's Order Granting (I) Relief from the Automatic Stay to the Extent the Automatic Stay Bars Commencement by Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders and (II) Leave from the Mediation Order to Permit Commencement of Litigation of Such Claims [ECF No. 8740] April 25, 2011 (the "SLCFC Claims Order"). Specifically, Movants seek an order confirming that neither the Automatic Stay nor the stay provisions contained in paragraph 6 of the SLCFC Claims Order bar the Movants from (i) moving to consolidate and/or coordinate of the state law fraudulent conveyance suits commenced by Movants, including by moving for consolidation of such federal actions into one Multidistrict Litigation ("MDL") in accordance with 28 U.S.C. § 1407 and (ii) in the event that any one or more courts or parties do not implement and/or abide by the stay of the SLCFC Litigations (as defined below), taking all appropriate actions in response to any motions, pleadings, or orders filed in the SLCFC Litigations. In support of the Motion, the Movants submit as follows:

## BACKGROUND

1. The state law constructive fraudulent conveyance claims (the "SLCFC Claims")

---

[2] Capitalized terms used, but not defined herein shall bear the meanings ascribed to such terms in the Noteholder Plan [Dkt. 8755] or the SLCFC Claims Motion (defined below) as applicable.

3

at issue arise out of the Debtors' ill-fated LBO in 2007. In connection with the LBO and the subject of the instant Motion, Step One Shareholders and Step Two Shareholders received approximately $8.3 billion in cash in exchange for their shares of common stock in Tribune.

2. On March 1, 2011, Movants filed (or subsequently joined in) the Motion Of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of an Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief From Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (the "SLCFC Claims Motion") [ECF No. 8201].

3. On April 25, 2011, this Court entered the SLCFC Claims Order (i) acknowledging that the Debtors' creditors have regained the right to prosecute their respective state law fraudulent conveyance claims (the "SLCFC Claims"), (ii) lifting the automatic stay to the extent necessary to permit the Debtors' creditors to cause the filing of SLCFC Claims (iii) immediately following the filing of the SLCFC Claims in each respective jurisdiction, automatically staying any such litigation, or requiring that the Movants apply for a stay, provided that Movants may under all circumstances (a) make amendments to their complaints as permitted by applicable rules, (b) complete service of their complaints and (c) immediately pursue discovery necessary to

prevent applicable statutes of limitation or other time-related defenses from barring any SLCFC Claims.

4. On June 2 and June 3, 2011, Movants commenced litigation asserting the Creditor SLCFC Claims in three state courts – New York, Delaware and California (the "State Court SLCFC Litigations") – and twenty federal district courts across the country including Arizona, California, Colorado, Connecticut, the District of Columbia, Florida, Illinois, Indiana, Massachusetts, Maryland, Minnesota, North Carolina, New Jersey, Ohio, Pennsylvania, Texas, Virginia, Vermont, Washington and Wisconsin (the "Federal SLCFC Litigations" together with the State Court SLCFC Litigations, the "SLCFC Litigations").[3]

5. Movants have begun to serve the complaints filed in the SLCFC Litigations and are preparing to file motions with each of the courts presiding over SLCFC Litigations (the "SLCFC Courts") to implement this Court's directive that the litigation be stayed pending further order of this Court.

## RELIEF REQUESTED

6. Pursuant to 28 U.S.C. § 1407, and Bankruptcy Code sections 105(a) and 362, the Movants respectfully request that the Court enter an order confirming that neither the automatic stay of Bankruptcy Code section 362 nor the provisions of the SLCFC Claims Order prevent the Movants from (i) moving to consolidate and/or coordinate of the SLCFC Litigations, including by moving for consolidation of the Federal SLCFC Litigations into one MDL proceeding in accordance with 28 U.S.C. § 1407 and (ii) in the event any one or more SLCFC Courts or parties do not agree to stay the litigation of the SLCFC Litigations, filing all appropriate responses in connection with any motions, pleadings, or orders filed in the SLCFC Litigations.

---

[3] In many of the above-listed jurisdictions Movants were required to file two separate (or in limited instances three or four separate) complaints through different counsel as a result of actual or potential conflicts of interest.

5

## BASIS FOR RELIEF

7. As the Court is aware, multidistrict litigation involves a special legal procedure whereby multiple lawsuits filed in various federal courts across the country are consolidated and all pre-trial activity, including discovery and motion practice, is overseen and determined by a single federal court. Cases can be consolidated under the multidistrict litigation procedure if they involve "one or more common questions of fact." 28 U.S.C. § 1407. 28 U.S.C. Section 1407 authorizes the Judicial Panel on Multidistrict Litigation (the "Panel") to order the transfer of a civil action to any district for coordinated or consolidated pretrial proceedings where the Panel determines that such a transfer (1) "will be for the convenience of the parties and witnesses" and (2) "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Title 28 of the United States Code § 1407(a) provides in relevant part that:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. §1407.

8. MDL consolidation promotes judicial efficiency, avoids duplicative -- and potentially inconsistent -- rulings on substantive and procedural motions, and saves courts and the parties' time by avoiding a multiplicity of pre-trial proceedings. *In re Aredia and Zometa Prods. Liab. Litig.*, 429 F. Supp. 2d 1371, 1372 (Jud. Pan. Mult. Lit. 2006) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary."); *see also* Desmond T. Barry, Jr., A Practical Guide to the Ins and Outs of Multidistrict Litigation, 64

Def. Couns. J. 58, 59 (1997) (noting the purpose of MDL is to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort on the part of the parties, the attorneys, the witnesses and the courts").

9. MDL Consolidation also helps minimize duplicative discovery demands upon the parties and third parties alike. *See e.g.*, MDL No. 2233 (*In Re: Porsche Cars North America, Inc., Plastic Coolant Tubes Products Liability Litigation*); MDL No. 2247 (*In Re: Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*). The Movants believe that the SLCFC Litigations pending in multiple federal courts around the country are sound candidates for MDL consolidation.

10. In order to seek consolidation of cases under the MDL procedures, a party in interest must, *inter alia*, file a motion with the Panel requesting consolidation of the related cases. 28 U.S.C. § 1407. The moving parties must show that there are common questions of fact, that transfer will serve the "convenience of parties and witnesses," and that it will "promote the just and efficient conduct" of the actions to be consolidated. *Id.* Once the motion has been filed, the Panel will determine whether consolidation of the actions into one multidistrict litigation is appropriate.

11. The Federal SLCFC Litigations represent compelling candidates for MDL consolidation. Consolidation of the Federal SLCFC Litigations into one forum will reduce what would almost certainly amount to an enormous burden on Movants, defendants and the federal judicial system. Like the filing and service of the various SLCFC complaints, which has already been explicitly authorized by this Court, consolidation of the Federal SLCFC Litigations is just one more procedural step in initiating the SLCFC Litigations and will not involve any prosecution of the merits of the SLCFC Claims. Nor will it prevent this Court from issuing

further orders affecting the SLCFC Litigations, in conjunction with its consideration of the two proposed plans of reorganization now before it.

12. Consolidation of the Federal SLCFC Litigations is in best the interests of the Debtors and their estates as any discovery requests that the parties will no doubt seek to serve on the Debtors in connection with the SLCFC Claims will be consolidated and emanate from one federal forum instead of twenty. Accordingly, the Movants believe that consolidation of the SLCFC Litigations pursuant to the Multidistrict Litigation procedures is appropriate and will serve to benefit all parties in interest. In addition, the Movants believe it is critical to request consolidation of the Federal SLCFC Litigations at this time to prevent a multiplicity of preliminary motions from being filed and heard separately in the twenty federal district courts where the Federal SLCFC Litigations are pending. It is well established that once these actions are transferred to a single federal district, the transferee court will have the authority to decide such preliminary motions, including motions to amend the pleadings, motions to dismiss one or more of the actions for improper service of process under Rule 4, motions to dismiss under Rule 12(b)(6) based on the complaint's failure to state a claim for relief under the applicable substantive law or for any other pleading defect, motions to determine the propriety of allowing the actions to proceed as class action suits under Rule 23, motions asserting the transferor court's lack of personal jurisdiction over the defendant or federal subject matter jurisdiction over the action, and motions for summary judgment. *See generally* Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3866 (3d ed. 2011) (collecting cases).

13. Finally, while the Movants will seek to fully implement the stay provisions contained in paragraph 6 of the SLCFC Claims Order, it presently is unknown whether every federal district court and/or defendant will implement and/or abide by the stay provisions. In the

event any order, pleading, motion, application, or other paper is served or filed in the SLCFC Litigations that requires a response, Movants respectfully request that the Court confirm that the SLCFC Claims Order does not bar the Movants from taking all necessary responsive actions, including filing responsive papers. If the Movants are barred by the automatic stay or by this Court's order from responding to any such development in the SLCFC Litigations, the Movants will be severely prejudiced and the prosecution of the SLCFC Claims may be jeopardized.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Bankruptcy Court enter an order (1) confirming that neither the automatic stay of Bankruptcy Code section 362 nor the provisions of the SLCFC Claims Order prevent the Movants from (i) moving to consolidate and/or coordinate of the Federal SLCFC Litigations, including by moving for consolidation of the Federal SLCFC Litigations into one MDL proceeding in accordance with 28 U.S.C. § 1407 and (ii) in the event any one or more courts or parties do not implement and/or abide by the stay of the SLCFC Litigations, taking all appropriate actions in response to any order, pleading, motion, application, or other paper filed or served in the SLCFC Litigations and (2) granting the Movants any such other relief as the Court may deem just, proper and equitable.

Dated: June 13, 2011

McCARTER & ENGLISH, LLP  
David J. Adler  
245 Park Avenue  
New York, NY 10167  
212-609-6800

McCARTER & ENGLISH, LLP

*/s/ Katharine L. Mayer*  
Katharine L. Mayer (I.D. No. 3758)  
Renaissance Centre  
405 N. King Street  
Wilmington, DE 19801  
302-984-6300

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>David S. Rosner<br>Sheron Korpus<br>1633 Broadway<br>New York, New York 10019<br>Tel:  (212) 506-1700<br>Fax:  (212) 506-1800 | BIFFERATO GENTILOTTI LLC<br>*/s/ Garvan F. McDaniel*<br>Garvan F. McDaniel (I.D. No. 4167)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>Tel:  (302) 429-1900<br>Fax:  (302) 429-8600 |

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, NY 10036<br>212-209-4800 | SULLIVAN HAZELTINE ALLINSON LLC<br>*/s/ William D. Sullivan*<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>901 N. Market Street, Suite 1300<br>Wilmington, DE 19801<br>302-428-8191 |

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*