KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP

101 CALIFORNIA STREET

SUITE 2300

SAN FRANCISCO, CALIFORNIA 94111

415-421-6140

FACSIMILE: 415-398-5030

ATLANTA
HOUSTON
MIAMI
NEWARK
NEW YORK

July 21, 2011

Hon. Edward M. Chen
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

      Re:    *Deutsche Bank Trust Company Americas, et al. v.*
               *Wells Fargo Bank, N.A., et al.*; **Case No. CV 11-2661-EMC**

Deaar Judge Chen:

      We represent Plaintiffs Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Plaintiffs") in the above-referenced action. We write to advise the Court that as a result of a recent conference held before the Honorable Kevin J. Carey, Chief Judge of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), we hereby submit the attached revised proposed order in connection with the pending Motion to Stay filed on July 5, 2011 (Dkt. No. 17) (the "Stay Motion").

      As the Court is aware, Plaintiffs filed the Stay Motion pursuant to, *inter alia*, Judge Carey's April 25, 2011 Order (the "SLCFC Order"), which authorized the commencement of the instant action and actions in other courts (collectively, the "SLCFC Cases"), but directed that they be stayed thereafter. Although the initial proposed stay order that Plaintiffs submitted with the Stay Motion was intended to be consistent with the SLCFC Order, Judge Carey observed during a July 15, 2011 telephone conference requested by a shareholder defendant in one of the SLCFC Cases that the proposed order should more closely track the explicit terms of the SLCFC Order. To that end, we have revised (i) paragraph 1 of the proposed stay order to remove two of the triggers for lifting the requested stay, leaving as the sole triggers a further order of the Bankruptcy Court or this Court, and (ii) paragraph 2(e) of the proposed stay order to track the language of the SLCFC Order's carve-out with respect to necessary pre-conference discovery.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Edward M. Chen
July 19, 2011
Page 2

      We respectfully request that the Court enter the attached revised proposed order instead of the proposed order that was originally submitted with the Stay Motion.

Respectfully submitted,

Emily E. de Ayora

8098143