# EXHIBIT C

BEFORE THE UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Tribune Fraudulent Conveyance Litigation | MDL Docket No. _____<br><br>**DECLARATION OF DAVID M. ZENSKY IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**<br><br>Date:     To Be Set |

I, David M. Zensky, Esq. declare as follows:

1.      I am a Partner with the law firm of Akin Gump Strauss Hauer & Feld, LLP ("Akin Gump") and counsel of record in 24 of the pending Avoidance Actions (as defined below) for Plaintiffs Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"),[1] Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Plaintiffs").  I submit this declaration in support of the MDL Motion.

2.      If called as a witness, I could and would competently testify to the facts set forth below based upon my personal knowledge and the files of Akin Gump.

---

[1] Any capitalized terms not defined herein shall have the meanings ascribed thereto in the Plaintiffs' Motion For Transfer For Coordinated Or Consolidated Pretrial Proceedings Pursuant To 28 U.S.C. § 1407 (the "MDL Motion").

1

A.    __The Avoidance Actions__

3.      On June 2 and 3, 2011, Plaintiffs filed 50 substantially similar complaints in 22 different states against approximately 1,700 individually-named defendants alleging constructive fraudulent conveyance claims pursuant to applicable state law (the "Avoidance Actions").  In several jurisdictions, Plaintiffs were required to commence multiple actions, each naming different defendants, because actual or potential conflicts of interest prevent Plaintiffs' counsel (and in certain instances Plaintiffs' local counsel) from being adverse to certain defendants.

4.      At present, the Avoidance Actions are pending before 29 different judges.

5.      Forty of the Avoidance Actions were commenced in 20 different federal districts across the country.   Ten of the Avoidance Actions were commenced in three state courts: New York (four actions); Delaware (five actions) and California (one action).  As of today's date, each of the Avoidance Actions that was filed in New York and Delaware state court has been removed to federal court by various defendants, and Plaintiffs have not sought remand in those actions. One Avoidance Action is still pending in California state court.

6.      The Avoidance Actions pending in New York collectively seek more damages than the Avoidance Actions in any other jurisdiction.  In addition, the four Avoidance Actions pending in New York collectively name approximately 430 defendants — roughly 25% of total defendants named in all of the Avoidance Actions nationwide.  No other individual jurisdiction in which an Avoidance Action has been filed has more than 15% of the total named defendants.  An additional 28% of the named defendants are parties to the Avoidance Actions now pending in nearby Connecticut, Delaware, Maryland, Massachusetts, New Jersey, Pennsylvania, Vermont, and the District of Columbia.  In other words, 48% of the Avoidance actions are pending along the northeast corridor, and 53% of the named defendants are parties to one of those pending actions.

2

7.      Five of the Avoidance Actions have been dismissed without prejudice.  The two Avoidance Actions filed in Colorado were dismissed without prejudice for failure to adequately allege diversity jurisdiction.  In addition, Plaintiffs voluntarily discontinued without prejudice one of the Avoidance Actions filed in Arizona, one filed in Florida, and one filed in Vermont.

8.      As of August 12, 2011, at least 1,160 of the nearly 1,700 defendants named in the Avoidance Actions have been served with a summons and complaint.  In addition, Plaintiffs have moved to stay the Avoidance Actions in compliance with an order of the Bankruptcy Court.  Thus far, 19 Avoidance Actions have been stayed by the court.  Consequently, no discovery has commenced in any of the Avoidance Actions, only one pre-trial conference has occurred, and just 23 of the nearly 1,700 defendants have filed a responsive pleading or motion.

9.      Plaintiffs' principal counsel are all headquartered in New York, and many of the law firms representing defendants are either located in New York City, or are within close proximity to New York City.  The vast majority of the lender and advisor banks and valuation companies involved in the LBO — including JPMorgan Chase Bank N.A., Merrill Lynch Capital Corporation, Wells Fargo Bank, N.A., J.P. Morgan Securities Inc., Citicorp North America, Inc., Citigroup Global Markets, Inc., Bank of America, N.A., Bank of America Securities LLC, Merrill, Lynch, Pierce, Fenner & Smith Inc., Murray Devine & Co., and Lazard Ltd. — are headquartered or maintain offices in or around New York and, during the course of the Tribune bankruptcy proceedings, produced documents and witnesses for deposition or interview in New York.  Additionally, many of the bank and valuation firm employees reside or work in or around New York, and thus we believe a large number of depositions in the Avoidance Actions would be taken in New York as well.  Indeed, no less than 13 such depositions were conducted in New York during the course of the Bankruptcy proceedings.

3

**B.**     **The Bankruptcy Case and Related Actions**

10.     On December 8, 2008, Tribune and many of its affiliated companies filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware.  On November 1, 2010, the Official Committee of Unsecured Creditors of Tribune Company (the "Committee"), on behalf of the Debtors' estates, commenced an adversary proceeding against the syndicate of lenders that financed the LBO, as well as other parties currently holding interests in the LBO debt, alleging (among other things) that the LBO was a constructive fraudulent conveyance.  That adversary proceeding is pending in the United States Bankruptcy Court for the District of Delaware, and is captioned *Official Committee of Unsecured Creditors of Tribune Co. v. JPMorgan Chase Bank N.A., et al. (In re Tribune Co., et al.)*, No. 08-13141, Adv. Pro. 10-53963 (KJC) (Bankr. D. Del. 2010).

11.     On the same day, the Committee, also on behalf of the Debtors' estates, commenced a separate adversary proceeding against Tribune's former shareholders as well as various insiders and advisors, alleging (among other things) that the LBO was an intentional fraudulent conveyance.  That adversary proceeding is pending in the United States Bankruptcy Court for the District of Delaware, and is captioned *Official Committee of Unsecured Creditors v. Fitzsimons, et al., (In re Tribune Co., et al.)*, No. 08-13141, Adv. Pro. 10-54010 (KJC) (Bankr. D. Del. 2010).

12.     Importantly, in neither of the actions commenced by the Committee has it asserted constructive fraudulent conveyance claims pursuant to either state or federal law against Tribune's former shareholders to recover the Shareholder Transfers.

13.     Much of the information that has been produced in documentary form or testified to at a deposition in connection with the Tribune bankruptcy or the Committee's adversary

proceedings has been designated as "Confidential" or "Highly Confidential" pursuant to various protective orders issued by the Bankruptcy Court.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed this 15th day of August, 2011, at New York, New York.


       /s/ David M. Zensky_____
       David M. Zensky, Esq.